1    **WO**

2

3

4

5

6                   **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Mark Wade McCune,                          No. CV-23-00484-TUC-JCH

10                    Appellant,                 **ORDER**

11   v.

12   Dianne C Kerns, et al.,

13                    Appellees.

14

15          Before the Court is pro se Appellant's "Emergency Motion to File In Forma Pauperis

16   [('IFP')]," Doc. 1 at 28–43, transmitted on October 25, 2023, by the United States

17   Bankruptcy Appellate Panel of the Ninth Circuit for the limited purpose of ruling on

18   Appellant's Motion. Doc. 1 at 1–2.

19   **I.      Legal Standard**

20          The Bankruptcy Appellate Panel may not grant or deny IFP motions. *Perroton v.*

21   *Gray (In re Perroton)*, 958 F.2d 889 (9th Cir. 1992). Appeals "may not be taken in forma

22   pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.

23   § 1915(a)(3). "A certificate that an appeal is not taken in good faith may be entered if there

24   is some evident improper motive or if no issue is presented which is not plainly frivolous."

25   *Tweedy v. United States*, 276 F.2d 649, 651 (9th Cir. 1960) (citing *Ellis v. United States*,

26   356 U.S. 674, 675 (1958)).

27   **II.     Analysis**

28          The Court will deny Appellant's motion for IFP status because his appeal is

1   frivolous. Appellant "has a significant history of filing meritless litigation and/or

2   bankruptcy on the eve of a scheduled date for the trustee's sale of the Property [Appellant's

3   mother's former residence]." *McCune v. Salmon, et al.*, 4:22-cv-00232-JCH, Doc. 12 at 1;

4   *see also id.* Doc. 19 at 1–3 (providing background). Appellant's history includes revocation

5   of IFP status for filing a frivolous appeal. *See McCune v. PHH Mortgage*, 4:19-CV-525-

6   CKJ, Doc. 79 at 1. Appellant seeks to appeal a bankruptcy court order granting relief from

7   an automatic stay. *See* Doc. 1 at 5–6. By lifting the automatic stay, the bankruptcy court

8   gave Wells Fargo permission to foreclose on the Property. *Id.*

9          On appeal, Appellant primarily argues that Wells Fargo does not own a loan on the

10   Property. *See* Doc. 1 at 4, 9. Appellant relies on a 2018 letter from Wells Fargo, which

11   states that Wells Fargo does not own a loan on the Property. Doc. 1 at 18. Appellant has

12   made this argument for years. *See, e.g.*, *McCune v. Kerns et al.*, 4:21-bk-06099-SHG, Doc.

13   152 at 3:50–13:30 (relief from stay hearing held May 2, 2023, in which Judge Gan

14   repeatedly explains to Appellant that Wells Fargo is empowered to enforce the note as a

15   trustee, not as its owner); *McCune v. PHH Mortgage*, 4:19-cv-00525-CKJ, Doc. 70 at 4,

16   filed April 8, 2020 (granting motion to dismiss in part because although "Wells Fargo does

17   not have a loan on [the Property,] … Wells Fargo is a Trustee."); Pima County Superior

18   Court Case No. C20164303, "In Chambers Under Advisement" Ruling filed February 12,

19   2018, at 1–3 (finding that "Wells Fargo owns the note[, is] …. the beneficiary of the Deed

20   of Trust, [and] has the legal right to initiate a trustee sale."). Appellant's argument remains

21   unpersuasive because whether Wells Fargo owns a loan on the Property is irrelevant.

22          Appellant also argues—without support—that Wells Fargo is not the Property's

23   trustee. Appellant relies on a February 6, 2023, letter from his former counsel to Wells

24   Fargo "seeking information regarding whether Wells Fargo Bank NA, owns, or is the

25   Trustee of, any loan, mortgage or any other debt pertaining to [the Property]." Doc. 1 at

26   11–15. Appellant's counsel received three replies, one of which included this Court's 2020

27   Order dismissing Appellant's case, the Bankruptcy Court's 2022 Memorandum Decision,

28   and this Court's 2023 Order Affirming the Bankruptcy Court. *See id.* at 11. Although

1   Appellant's counsel was not satisfied with Wells Fargo's answers, *see id.* at 12, this Court

2   is. The courts have repeatedly determined that Wells Fargo is entitled to enforce the note

3   as a trustee. Appellant's appeal provides no contrary evidence and is therefore "plainly

4   frivolous."

5   **III.    Order**

6           Accordingly,

7           **IT IS ORDERED DENYING** Appellant's motion to proceed in forma pauperis

8   (Doc. 1 at 28–43). The Court certifies that Appellant's appeal is not taken in good faith.

9   Because this matter was transmitted for the limited purpose of determining Appellant's IFP

10  status, the Clerk of the Court shall enter judgment accordingly and close this case.

11          **IT IS FURTHER ORDERED DIRECTING** the Clerk of Court to send a copy of

12  this Order to the United States Bankruptcy Appellate Panel of the Ninth Circuit.

13          Dated this 15th day of November, 2023.

14

15

16

17                                              John C. Hinderaker
                                                United States District Judge
18

19

20

21

22

23

24

25

26

27

28