**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Wade McCune, | No. CV-23-00484-TUC-JCH |
| Appellant, | **ORDER** |
| v. | |
| Dianne C Kerns, et al., | |
| Appellees. | |

Before the Court is pro se Appellant's "Emergency Motion for Reconsideration to rule on my motion to proceed in forma paup[er]is status and not to dismiss my case." Doc. 8. Appellant asks the Court to reconsider its decision revoking Appellant's IFP status because his appeal is frivolous. *See id.*

**I.    Legal Standard**

Local Rule of Civil Procedure 7.2(g)(1) provides:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order.

Manifest error is "error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Estrada v. Bashas' Inc.*, No. CV-02-00591-PHX-RCB, 2014 WL 1319189, at *1 (D. Ariz. Apr. 1, 2014)

(citing Black's Law Dictionary 622 (9th ed. 2009)).

Rule 59(e) of the Federal Rules of Civil Procedure also provides that a party may file a "motion to alter or amend a judgment" within "28 days after the entry of the judgment." A Rule 59(e) motion is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (citation and internal quotation marks omitted). District courts have "considerable discretion" in deciding Rule 59(e) motions and may grant them if "presented with newly discovered evidence, [the court] committed clear error, or if there is an intervening change in the controlling law." *Id.* (citations and internal quotation marks omitted).

Motions for reconsideration are not an opportunity for a party "to get a second bite at the apple," *Van Derheydt v. Cnty. of Placer*, 32 F. App'x 221, 223 (9th Cir. 2002), and should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). They should not ask a court "to rethink what the court had already thought through – rightly or wrongly." *Defenders of Wildlife*, 909 F. Supp. at 1351 (citation omitted)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration also may not repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

**II.     Analysis**

Appellant's motion for reconsideration fails to identify any new evidence, clear error, or intervening change of law. Appellant primarily re-urges the same argument the Court decided was frivolous. *Compare, e.g.*, Doc. 8 at 2 (referring to a 2018 letter to Wells Fargo), *with* Doc. 4 at 2 (discussing the 2018 letter and observing that "Appellant has made

this argument for years."). Appellant thus repeats an argument previously made in support of a motion and asks the Court to rethink what it has already thought through. That is not a proper basis for reconsideration.

Appellant's other arguments are also unavailing. Appellant urges several errors by Judge Gan, as well as that Wells Fargo did not hire Janet Spears to file a motion to lift the automatic stay. Doc. 8 at 2–3. Appellant either could have made these arguments before or did already. *Compare* Doc. 8 at 2, *with, e.g.*, Doc. 1 at 3. Either way, they are not a proper basis for reconsideration. Appellant's circumstances are not "rare" or "extraordinary." He simply disagrees with the Court's ruling.

### III.   Order

Accordingly,

**IT IS ORDERED DENYING** Appellant's Motion for Reconsideration (Doc. 8). This case shall remain closed.

Dated this 30th day of November, 2023.

_____
John C. Hinderaker
United States District Judge